**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ERICA O'BRYAN,

          **Plaintiff,**

-vs-                                    Case No.  6:10-cv-1907-Orl-35GJK

JACK ANDRU ROSS, M.D., TINA M.
HILEMAN, and AFTER-HOURS PEDIATRIC
AND FAMILY CARE CENTER, PLC,

          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ASSESSMENT OF ATTORNEYS FEES (Doc. No. 15)** |
| **FILED:** | **February 2, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On December 22, 2010, Erica O'Bryan ("O'Bryan") filed a Complaint against Jack Andru Ross, M.D., Tina M. Hileman ("Hileman"), and After-Hours Pediatric and Family Care Center, PLC (collective, the "Defendants") alleging violations of 29 U.S.C. § 201, et seq., the Fair Labor Standards Act ("FLSA"). Doc. No. 1.  On January 19, 2011, Hileman filed a Motion to Dismiss for Lack of Jurisdiction. Doc. No. 8.  On January 31, 2011, O'Bryan filed a Notice of Voluntary Dismissal. Doc. No. 14.   On February 2, 2011, Hileman filed a Motion for

Assessment of Attorney Fees (the "Motion") wherein Hileman seeks to recover the $3,500.00 retainer paid to her counsel pursuant to Florida Statutes, Section 57.105(1). Doc. No. 15.  On May 12, 2011, O'Bryan filed a response in opposition arguing that because Hileman failed to comply with the Section 57.105(4) safe-harbor provision, the Motion must be denied. Doc. No. 19.

Section 57.105(1) requires the Court to award attorneys' fees when it finds a claim or defense to be frivolous. Fla. Stat. § 57.105(1).  However, Section 57.105(4) states: "A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fla. Stat. § 57.105(4).   Hileman does not indicate that she complied with this provision and served a copy of the Motion on O'Bryan 21 days prior to filing the Motion.  Doc. No. 15. Furthermore, O'Bryan maintains that she was not served with the Motion 21 days prior to its filing. Doc. No. 19 at 3-4.  Therefore, because Hileman did not comply with the safe harbor provision in Section 57.105(4), it is recommended that the Motion be **DENIED**. *See City of North Miami Beach v. Berrio,* --- So.3d ---, 2011 WL 2135449 at *2 (Fla. 3d DCA June 1, 2011); *Matthew Bush v. Raytheon Company*, No. 8:07-cv-2087-SCB-AEP (M.D. Fla. December 21, 2009).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 21, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record